1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS EDWARD PERRY,                    No.  2:22-cv-2140 WBS AC P

12              Plaintiff,

13         v.                                 ORDER

14    M. NELSON, et al.,

15              Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18    § 1983, has filed motions for in camera review and appointment of counsel.  ECF No. 3, 4.

19          The motion for in camera review appears to seek an order compelling an unspecified

20    prison official to produce confidential information related to plaintiff's disciplinary charge, which

21    is the basis for his complaint.  ECF No. 3.  It is unclear whether plaintiff is seeking the documents

22    be produced for the court's inspection or his inspection.  Id.  In either case, the motion is

23    premature.  Plaintiff is currently in the pleading stage,[1] and it is therefore unnecessary for him to

24    produce evidence to support his allegations.  To the extent he is seeking the documents be

25    provided to him, this case has not yet entered the discovery phase.

26    ////

27

28    _____

      [1]  Plaintiff's complaint will be screened in due course.

                                              1

1    With respect to plaintiff's request for counsel, the United States Supreme Court has ruled

2    that district courts lack authority to require counsel to represent indigent prisoners in § 1983

3    cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

4    circumstances, the district court may request the voluntary assistance of counsel pursuant to 28

5    U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

6    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

7    "When determining whether 'exceptional circumstances' exist, a court must consider 'the

8    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

9    pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

10   970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

11   of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

12   most prisoners, such as lack of legal education and limited law library access, do not establish

13   exceptional circumstances that would warrant a request for voluntary assistance of counsel.

14   Plaintiff seeks counsel on the grounds that he is indigent, his imprisonment will limit his

15   ability to litigate, he has limited legal knowledge and law library access, and counsel would be

16   better able to represent him at trial.  ECF No. 4.  These circumstances are common to most

17   prisoners, and any request based on the need for counsel at trial is premature because it has not

18   yet been determined that this case will proceed to trial.  For these reasons, plaintiff has not shown

19   the existence of extraordinary circumstances warranting the appointment of counsel.

20   Accordingly, IT IS HEREBY ORDERED that:

21   1.  Plaintiff's motion for in camera review (ECF No. 3) is DENIED; and

22   2.  Plaintiff's motion for appointment of counsel (ECF No. 4) is DENIED.

23   DATED: September 27, 2023

24
25   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE
26
27
28

2