1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS EDWARD PERRY                    No.  2:22-cv-2140 WBS AC P

12                   Plaintiff,

13        v.                                ORDER

14   M. NELSON, et al.,

15                   Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        I.        Application to Proceed In Forma Pauperis

20        Plaintiff has submitted declarations that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF Nos. 2, 7, 10.  Accordingly, the requests to proceed in forma pauperis will be

22   granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4         II.    Statutory Screening of Prisoner Complaints

5         The court is required to screen complaints brought by prisoners seeking relief against "a

6    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

7    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

9    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

13   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

14   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

15   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

16   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

17   Franklin, 745 F.2d at 1227-28 (citations omitted).

18        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

21   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

23   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

24   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

25   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

26   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

27   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

28   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

1  cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

8  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12    III.    Complaint

13       The complaint alleges that defendants Nelson, Banke, Villegas, Huston, Hill, and Johnson

14  violated plaintiff's Sixth, Eighth, and Fourteenth Amendment rights.  ECF No. 1.  Specifically,

15  plaintiff alleges that he was falsely identified by a confidential source as having assaulted another

16  inmate, resulting in plaintiff's transfer to administrative segregation (Ad-Seg). Id. at 15.  Plaintiff

17  claims that Nelson coerced the confidential source to falsely testify against him and that

18  following the accusation, Banke signed off on plaintiff's transfer to Ad-Seg without any further

19  investigation. Id. at 6, 15, 20.  The day after being transferred to Ad-Seg, plaintiff was

20  interviewed by Villegas, who concluded, without further investigation, that the allegations on

21  paper were sufficient to keep plaintiff in Ad-Seg. Id. at 15-16, 20.

22       A few days after being placed in Ad-Seg, Bailey—who has not been named as a

23  defendant—served plaintiff with the disciplinary write up. Id. at 16.  Plaintiff then asked Bailey

24  to act as a witness on his behalf during his disciplinary hearing and Bailey agreed. Id.  Plaintiff

25  later told the assigned investigative employee that he wanted Bailey as a witness and requested

26  that he ask the confidential source several questions. Id.  However, Nelson did not allow the

27  confidential source to answer the questions, stating that they were irrelevant, and at plaintiff's

28  disciplinary hearing Huston denied plaintiff's request to have Bailey present at the hearing. Id. at

3

17-21.  Huston ultimately found plaintiff guilty and issued a punishment that included the loss of good time credits.  Id. 17, 20-21.  After the disciplinary hearing, plaintiff met with a committee headed by Hill.  Id. at 17, 21.  During this meeting, Hill decided to release plaintiff back into the general population without dropping the charges.  Id. at 18, 22.

IV.    Failure to State a Claim

A.    Eight Amendment

"After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  Whitley v. Albers, 475 U.S. 312, 319 (1986) (alteration in original) (citations and internal quotations omitted).  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim.  Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Hudson v. McMillian, 503 U.S. 1, 8-9 (1992) (internal citations and quotation marks omitted).

Here, plaintiff alleges that he suffered cruel and unusual punishment when Banke signed off on his placement in Ad-Seg and Villegas kept him in Ad-Seg without first conducting a proper investigation.  ECF No. 1 at 6-7, 20.  However, the Ninth Circuit has held that placement in Ad-Seg, by itself, does not rise to the level of an Eighth Amendment violation, see Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) ("administrative segregation, even in a single cell for twenty-three hours a day, is within the terms of confinement ordinarily contemplated by a sentence"), and plaintiff has not alleged any facts that show the conditions of his confinement in Ad-Seg rose to the level of cruel and unusual punishment.  Similarly, "[t]he issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment."  Cauthen v. Rivera, 2013 WL 1820260, at *10, 2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. Apr. 30, 2013) (citations omitted); Jones v. Prater, 2012 WL 1979225, at *2, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. June 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff." (citation omitted)).  For these reasons, plaintiff has not stated any cognizable claims

4

1    under the Eighth Amendment for cruel and unusual punishment.

2         B.    Due Process

3              i.    False Allegations

4         Plaintiff alleges that the disciplinary charge was based on falsified allegations which were

5    coerced by Nelson.  ECF No. 1 at 15.  To the extent plaintiff is alleging that this violated his right

6    to due process, prisoners do not have a liberty interest in being free from false accusations of

7    misconduct, see Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("there are no procedural

8    safeguards protecting a prisoner from false retaliatory accusations"), and his allegations do not

9    give rise to a claim under § 1983.  To the extent plaintiff is also attempting the claim the failure to

10   investigate violated due process, his claim is not cognizable.  See Gomez v. Whitney, 757 F.2d

11   1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized

12   inadequate investigation as sufficient to state a civil rights claim unless there was another

13   recognized constitutional right involved." (citation omitted)).

14             ii.    Administrative Segregation

15        To the extent plaintiff is attempting to allege a due process claim in relation to his

16   placement in Ad-Seg, he fails.  When an inmate is placed in Ad-Seg the only procedural

17   requirements are that he be given "an informal, nonadversary review of the information

18   supporting [his] administrative confinement, including whatever statement [he] wishe[s] to

19   submit, within a reasonable time after confining him to administrative segregation."  Hewitt v.

20   Helms, 459 U.S. 460, 472 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472

21   (1995).  Plaintiff's allegations that Villegas met with him the day after his confinement began,

22   reviewed why plaintiff had been placed in Ad-Seg, and allowed plaintiff to make a statement,

23   demonstrate that the procedural requirements were met.

24             iii.    Disciplinary Hearing

25        "The Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall

26   enjoy the right . . . to have Assistance of Counsel for his defence.'"  Nordstrom v. Ryan, 762 F.3d

27   903, 909 (9th Cir. 2014) (quoting U.S. Const. amend. VI).  However, "[p]rison disciplinary

28   proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant

5

1   in such proceedings does not apply." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  Plaintiff is

2   therefore not entitled to the protections of the Sixth Amendment in relation to his disciplinary

3   proceedings and his claims fall under the Fourteenth Amendment.

4          When a prisoner faces disciplinary charges that include the loss of good-time credits, they

5   are entitled to the following procedural protections: (1) twenty-four-hour advanced written notice

6   of the charges against him, <u>id.</u> at 563-64; (2) "a written statement by the factfinders as to the

7   evidence relied on and reasons for the disciplinary action," <u>id.</u> at 564 (internal quotation marks

8   and citation omitted); (3) an opportunity to call witnesses and present documentary evidence

9   where doing so "will not be unduly hazardous to institutional safety or correctional goals," <u>id.</u> at

10  566; (4) assistance at the hearing if he is illiterate or if the matter is complex, <u>id.</u> at 570; and (5) a

11  sufficiently impartial fact finder, <u>id.</u> at 570-71.  A finding of guilt must also be "supported by

12  some evidence in the record." <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985).  In this case,

13  plaintiff has alleged the loss of good time credits, and therefore the procedural protections

14  outlined in <u>Wolff</u> apply.

15         Plaintiff claims that Huston violated his due process rights when he denied plaintiff the

16  opportunity to have Bailey present as a witness during the hearing.  ECF No. 1 at 8, 17, 20.

17  However, the attachments to the complaint show that plaintiff was able to question Bailey about

18  the incident through written questions submitted to the investigative employee, and beyond

19  stating that he wanted Bailey as a character witness, plaintiff does not indicate what other

20  questions he would have asked Bailey had he been present during the disciplinary hearing.  <u>Id.</u> at

21  8, 16-17, 20-21, 26.  A hearing officer may decline an inmate's request to call witnesses, "for

22  irrelevance, lack of necessity, or the hazards presented in individual cases," <u>Wolff</u>, 418 U.S. at

23  566, and plaintiff has not demonstrated that Huston's refusal to allow Bailey to be questioned in

24  person denied him the right to have Bailey as a witness.

25         Plaintiff also claims that his rights were denied when Nelson denied him the opportunity

26  to confront the confidential source and stated that the questions were not relevant.  ECF No. 1 at

27  19.  However, while prisoners have a right to call witnesses, there is no right to cross-

28  examination, <u>Wolff</u>, 418 U.S. at 567-68, and Nelson therefore did not violate plaintiff's rights.

1          iv.     Disciplinary Appeal

2          Plaintiff claims that Hill violated his rights because he did not overturn the disciplinary

3   finding.  ECF No. 1 at 9, 21-22.  However, plaintiff has no claim for the "loss of a liberty interest

4   in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a

5   specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

6   Furthermore, an individual defendant is not liable under § 1983 unless the facts establish the

7   defendant's personal involvement in the constitutional deprivation or a causal connection between

8   the defendant's acts and the constitutional deprivation.  Hansen v. Black, 885 F.2d 642, 646 (9th

9   Cir. 1989).

10         In Ramirez, the Ninth Circuit affirmed the district court's dismissal for failure to state a

11  claim where the plaintiff alleged that the disciplinary and appeals boards violated his due process

12  rights when they denied his request to examine adverse witnesses and allegedly masked

13  procedural errors committed at the disciplinary hearing.  334 F.3d at 860.  As in Ramirez,

14  plaintiff has alleged, at most, that he notified Hill of the completed violation of his due process

15  rights.  Hill's refusal to overturn plaintiff's disciplinary conviction did not violate his rights or

16  contribute to the violation.

17         C.      Personal Involvement

18         "Liability under § 1983 must be based on the personal involvement of the defendant."

19  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citation omitted).  Plaintiff does not

20  make any allegations against Johnson other than to state that she is currently the warden, and he

21  explicitly alleges that during the times at issue Hill was the warden and the one who denied

22  plaintiff's appeal.  ECF No. 1 at 9, 21-22.  Since, Johnson was not the warden during the relevant

23  times and plaintiff makes no other allegations against her, he fails to state a claim against her in

24  her individual capacity.  It appears that Johnson may have been named solely based on her

25  position as the current warden in order to provide injunctive relief.

26         D.      Official Capacity Claims

27         Plaintiff states he is suing the defendants in their individual and official capacities.  ECF

28  No. 1 at 14.  However, claims for damages against state officials acting in their official capacity

7

are barred by sovereign immunity because "a suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office" and

therefore "no different from a suit against the State itself." Will v. Mich. Dep't of State Police,

491 U.S. 58, 71 (1989) (citations omitted).  Accordingly, any claim for damages against

defendants in their official capacities is barred.  To the extent plaintiff seeks injunctive relief in

the form of a ban on officers having private offices (ECF No. 1 at 10), plaintiff does not identify

who he is seeking injunctive relief from and the requested relief is not linked to the alleged

violations.  Plaintiff therefore fails to any state claims for injunctive relief against any defendant

in their official capacity.  See Colwell v. Bannister, 763 F.3d 1060, 1070 (9th Cir. 2014) (to state

a claim for injunctive relief plaintiff must "identify the law or policy challenged as a

constitutional violation and name the official within the entity who can appropriately respond to

injunctive relief" (citation omitted)).

   V.      Leave to Amend

      The complaint does not state any cognizable claims for relief and plaintiff will be given an

opportunity to file an amended complaint.  If plaintiff chooses to file a first amended complaint,

he must demonstrate how the conditions about which he complains resulted in a deprivation of his

constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must

allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs.

Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v.

Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

      Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading.  This is because, as a general rule, an

amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim.  Defendants have not violated your Sixth Amendment rights because a disciplinary proceeding is not a criminal prosecution.  To state a claim for a violation of your due process rights in relation to your disciplinary proceeding you must allege facts that show which procedural protections were violated by the prison officials.

You may amend your complaint to try to fix these problems.  Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights. If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 10) are GRANTED.

2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.   Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

1          4.   Within thirty days from the date of service of this order, plaintiff may file an amended

2    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

4    number assigned this case and must be labeled "First Amended Complaint."  Failure to file an

5    amended complaint in accordance with this order will result in a recommendation that this action

6    be dismissed.

7          5.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

8    form used in this district.

9    DATED: November 15, 2023

10

11                                          ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28