UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EDWARD PERRY, <br><br> Plaintiff, <br><br> v. <br><br> M. NELSON, et al., <br><br> Defendants. | No. 2:22-cv-2140 WBS AC P <br><br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Currently before the court are plaintiff's first amended complaint and motion for in camera review. ECF Nos. 15, 16.

I.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

1

1  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

////

II.     First Amended Complaint

The first amended complaint alleges that defendants Nelson, Banke, Houston, and Hill violated plaintiff's Fourteenth Amendment right to due process in relation to a disciplinary proceeding. ECF No. 16. Plaintiff alleges that a confidential informant falsely accused him of assaulting another inmate, resulting in plaintiff being found guilty of a rules violation and losing good time credits. ECF No. 16 at 6-7; ECF No. 16-1 at 1. Nelson was the officer who received the information from the confidential source, which plaintiff asserts was likely coerced, and refused to allow the confidential source to answer the questions plaintiff submitted for the disciplinary hearing. ECF No. 16 at 3; ECF No. 16-1 at 3. Banke, who was the second watch lieutenant, refused to investigate the allegations against plaintiff or intervene in the proceedings despite plaintiff's assertion that he was innocent. ECF No. 16 at 4; ECF No. 16-1 at 1. The disciplinary hearing was presided over by Houston, who found him guilty. ECF No. 16 at 5; ECF No. 16-1 at 2. Houston refused to allow plaintiff to call officer Bailey as a character witness at the hearing and ignored evidence that plaintiff as not at the scene of the assault. Id. Finally, as warden, Hill had the authority to have the charges against plaintiff dropped but refused to do so even though plaintiff was clearly innocent. ECF No. 16 at 6; ECF No. 16-1 at 2.

III.    Failure to State a Claim

A.  False Allegations

To the extent plaintiff is alleging that Nelson violated his due process rights by coercing a false allegation against him, the claim fails. Prisoners do not have a liberty interest in being free from false accusations of misconduct, see Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("there are no procedural safeguards protecting a prisoner from false retaliatory accusations"), and his allegations do not give rise to a claim under § 1983. To the extent plaintiff is also attempting the claim Banke's failure to investigate violated due process, his claim is not cognizable. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." (citation omitted)).

B. Disciplinary Hearing

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prisoner faces disciplinary charges that include the loss of good-time credits, they are entitled to the following procedural protections: (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985). In this case, plaintiff has alleged the loss of good time credits, and therefore the procedural protections outlined in Wolff apply.

Plaintiff claims that Houston violated his due process rights when he denied plaintiff the opportunity to have Bailey present as a witness during the hearing and ignored evidence that plaintiff was not present at the scene of the assault. ECF No. 16 at 5; ECF No. 16-1 at 2. However, plaintiff alleges only that he sought to have Bailey present at the disciplinary hearing as a character witness,[1] and the attachments to the first amended complaint show that plaintiff was able to question Bailey about the incident through written questions submitted to the investigative employee. ECF No. 16 at 5, 12; ECF No. 16-1 at 2. A hearing officer may decline an inmate's request to call witnesses, "for irrelevance, lack of necessity, or the hazards presented in individual cases," Wolff, 418 U.S. at 566, and the facts alleged do not demonstrate that Houston's refusal to allow Bailey to be questioned in person regarding plaintiff's character denied him the right to have Bailey as a witness.

---

[1] Plaintiff asserts that Bailey was familiar with his programming efforts, preparations to go before the Board of Parole, worries about taking care of his wife, and desire to mend the relationship with his daughter. ECF No. 16-1 at 2.

4

      Plaintiff's claim that the evidence he was not present at scene of the assault was not considered also fails to support relief. The attachments to the complaint show that plaintiff was indisputably permitted to submit his evidence and that Houston considered it. ECF No. 16 at 13-14. Due process was therefore satisfied. The Constitution does not require that Houston afford the same weight to plaintiff's witness statements as plaintiff does.

      To the extent plaintiff alleges that Nelson denied him the opportunity to confront the confidential source by refusing to let the source answer his questions, there is no right to cross-examination in a prison disciplinary proceeding, <u>Wolff</u>, 418 U.S. at 567-68, and Nelson therefore did not violate plaintiff's rights.

      C.   <u>Disciplinary Appeal</u>

      Plaintiff's claim that Hill violated his rights because he did not overturn the disciplinary fails to state a claim for relief because he has no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003). Furthermore, an individual defendant is not liable under § 1983 unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's acts and the constitutional deprivation. <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989).

      In <u>Ramirez</u>, the Ninth Circuit affirmed the district court's dismissal for failure to state a claim where the plaintiff alleged that the disciplinary and appeals boards violated his due process rights when they denied his request to examine adverse witnesses and allegedly masked procedural errors committed at the disciplinary hearing. 334 F.3d at 860. As in <u>Ramirez</u>, plaintiff has alleged, at most, that he notified Hill of the completed violation of his due process rights. Hill's refusal to overturn plaintiff's disciplinary conviction did not violate his rights or contribute to the violation.

IV.   <u>No Leave to Amend</u>

      Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31

5

(9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted.  Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide.  Given that plaintiff has not provided any additional facts, it does not appear that further amendment would result in a cognizable claim.  As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

V.      Motion for In Camera Review

Plaintiff has filed a motion requesting the court conduct an in camera review of the documents related to the confidential source.  ECF No. 15.  Because it is being recommended that the complaint be dismissed without leave to amend, the motion will be denied.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that the first amended complaint be dismissed without leave to amend because you have not alleged facts showing that your due process rights were violated and it does not appear that you have any further facts to provide.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion for in camera review (ECF No. 15) is DENIED.

IT IS FURTHER RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

////

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 27, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE